Jennifer Lee (State Bar No. 203774)
jennifer.lee@huschblackwell.com
HUSCH BLACKWELL LLP
1999 Harrison Street, Suite 700
Oakland, CA 94612
510.768.0650 Telephone
510.768.0651 Facsimile

Michael R. Annis (*Pro Hac Vice*)
mike.annis@huschblackwell.com
A. James Spung (*Pro Hac Vice*)
james.spung@huschblackwell.com
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
314.480.1500 Telephone
314.480.1505 Facsimile

Danny Solomon (*Pro Hac Vice*)
danny.solomon@huschblackwell.com
HUSCH BLACKWELL LLP
1801 Pennsylvania Avenue, NW, Suite 1000
Washington, DC 20006
202.378.2300 Telephone
202.378.2319 Facsimile

***Attorneys for Defendant***
***Compana Pet Brands***

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO)

| | |
|---|---|
| LINDA GOSHERT, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>   v.<br><br>COMPANA PET BRANDS,<br><br>   Defendant | No.: 3:22-cv-04617-JSC<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: November 17, 2022<br>Time: 9:00 AM<br>Dept: San Francisco, Courtroom 8, 19th Floor<br>Judge: Hon. Jacqueline S. Corley |

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................ iii

NOTICE OF MOTION AND MOTION TO DISMISS ................................................... 1

STATEMENT OF ISSUES TO BE DECIDED ............................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................. 1

INTRODUCTION ......................................................................................................... 1

BACKGROUND ........................................................................................................... 2

STANDARD OF REVIEW ........................................................................................... 4

ARGUMENT ................................................................................................................ 5

    I.     Goshert fails to state a claim under the CLRA, FAL, and UCL (Counts I–III)................. 5

          A.     Goshert fails to plausibly allege that the Statements are false or misleading ........................................................................................... 5

          B.     Goshert's alleged violations of the CLRA, FAL, and UCL claims are unactionable lack of substantiation claims ............................................. 9

          C.     Goshert also fails to state a claim under the UCL's "unlawful" prong ............. 11

          D.     Goshert's equitable relief claims under the CLRA, FAL, and UCL fail as a matter of law because Goshert has an adequate remedy at law .................. 12

          E.     Goshert's CLRA claim must be dismissed as to the product and specific representations for which she failed to provide pre-suit notice .......................... 13

    II.    Goshert fails to state a claim for breach of express warranty because she does not plausibly allege breach or injury (Count IV) ............................................. 15

    III.   Goshert fails to state a claim for breach of implied warranty under the Song-Beverly Consumer Warranty Act and Cal. Comm. Code § 2314 (Count V).................. 16

    IV.   Goshert's fraud claim (Count VI) should be dismissed because Goshert fails to satisfy the heightened particularity required by Rule 9(b).............................................. 18

    V.    Count VII for unjust enrichment claim must be dismissed........................................... 19

i

VI.    Goshert's negligent misrepresentation claim (Count VIII) should be dismissed
       because Goshert fails to plead the facts necessary to support a claim for
       negligent misrepresentation .................................................................................... 20

VII.   Goshert lacks standing to pursue injunctive relief and to assert claims for
       products that she did not purchase ......................................................................... 21

       A.     Goshert lacks standing to pursue injunctive relief because Goshert has
              not pleaded future injury ............................................................................. 21

       B.     Goshert lacks standing to assert claims for purchasers of the
              Multivitamins because they are not substantially similar to the Soft
              Chews ............................................................................................................ 23

CONCLUSION .......................................................................................................................... 25

CERTIFICATE OF SERVICE .................................................................................................. 26

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Adams v. Johnson*,
  355 F.3d 1179 (9th Cir. 2004) ................................................................................. 19

*Allen v. Similasan Corp.*,
  2013 WL 5436648 (S.D. Cal. Sept. 27, 2013) ......................................................... 14

*Alvarez v. Chevron Corp.*,
  656 F.3d 925 (9th Cir. 2011) ................................................................................... 15

*Arabian v. Organic Candy Factory*,
  2018 WL 1406608 (C.D. Cal. Mar. 19, 2018) ........................................................ 15

*Arroyo, v. AJU Hotel Silicon Valley LLC*,
  2021 WL 2350813 (N.D. Cal. Mar. 16, 2021) ........................................................ 24

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ......................................................................................... 4, 5, 18

*Astiana v. Hain Celestial Grp., Inc.*,
  783 F.3d 753 (9th Cir. 2015) ................................................................................... 19

*Baltazar v. Apple, Inc.*,
  2011 WL 588209 (N.D. Cal. Feb. 10, 2011) ........................................................... 16

*Barrett v. Apple Inc.*,
  523 F. Supp. 3d 1132 (N.D. Cal. 2021) ...................................................... 12, 19, 20

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................... 11, 18

*Birdsong v. Apple, Inc.*,
  590 F.3d 955 (9th Cir. 2009) ................................................................................... 16

*Bishop v. 7-Eleven, Inc.*,
  2013 WL 4014174 (N.D. Cal. Aug. 5, 2013) .......................................................... 17

*Brazil v. Dole Food Co., Inc.*,
  935 F. Supp. 2d 947 (N.D. Cal. 2013) .................................................................... 17

*Bronson v. Johnson & Johnson, Inc.*,
  2013 WL 1629191 (N.D. Cal. Apr. 16, 2013) ...................................................... 9, 10

*Cimoli v. Alacer Corp.*,
  546 F. Supp. 3d 897 (N.D. Cal. 2021) .................................................................... 22

iii

*City of Los Angeles v. Lyons*,
    461 U.S. 95 (1983) ................................................................................................... 21

*Clapper v. Amnesty Int'l USA*,
    568 U.S. 398 (2013) ................................................................................................. 21

*Coheso, Inc. v. Can't Live Without It, LLC*,
    2017 WL 10434396 (N.D. Cal. Dec. 18, 2017) ....................................................... 14

*Daniels-Hall v. Nat'l Educ. Ass'n*,
    629 F.3d 992 (9th Cir. 2010) ................................................................................... 24

*Davidson v. Kimberly-Clark Corp.*,
    889 F.3d 956 (9th Cir. 2018) ......................................................................... 6, 21, 22

*Davis v. HSBC Bank Nevada, N.A.*,
    691 F.3d 1152 (9th Cir. 2012) .............................................................................. 3, 14

*De La Torre v. CashCall, Inc.*,
    854 F.3d 1082 (9th Cir. 2017) ................................................................................. 11

*Deitsch Plastics Co., Inc. v. Gredale LLC*,
    2022 WL 1449126 (C.D. Cal. May 6, 2022) ........................................................... 15

*DeLeon v. Wells Fargo Bank, N.A.*,
    2011 WL 311376 (N.D. Cal. Jan. 28, 2011) ...................................................... 18, 19

*Durkee v. Ford Motor Co.*,
    2014 WL 4352184 (N.D. Cal. Sept. 2, 2014) .......................................................... 12

*Dysthe v. Basic Rsch. LLC*,
    2011 WL 5868307 (C.D. Cal. June 13, 2011) ......................................................... 25

*eBay Inc. v. MercExchange, LLC*,
    547 U.S. 388 (2006) ........................................................................................... 12, 13

*Ebner v. Fresh, Inc.*,
    838 F.3d 958 (9th Cir. 2016) ..................................................................................... 5

*Eckler v. Wal-Mart Stores, Inc.*,
    2012 WL 5382218 (S.D. Cal. Nov. 1, 2012) ................................................ 6, 7, 10, 18, 20

*Eclectic Props. East, LLC v. Marcus & Millichap Co.*,
    751 F.3d 990 (9th Cir. 2014) ................................................................................... 18

*Eidmann v. Walgreen Co.*,
    522 F. Supp. 3d 634 (N.D. Cal. 2021) ..................................................................... 11

*Elgindy v. AGA Serv. Co.*,
    2021 WL 1176535 (N.D. Cal. Mar. 29, 2021) ........................................................ 19

iv

*Figy v. Frito-Lay N. Am., Inc.*,
67 F. Supp. 3d 1075 (N.D. Cal. 2014) ............................................................................ 23

*Galvez v. Wells Fargo Bank, N.A.*,
No. 17-CV-06003-JSC, 2018 WL 2761917 (N.D. Cal. June 7, 2018) ............................ 20

*Gilmore v. Wells Fargo Bank N.A.*,
75 F. Supp. 3d 1255 (N.D. Cal. 2014) ............................................................................ 20

*Glenn K. Jackson Inc. v. Roe*,
273 F.3d 1192 (9th Cir. 2001) ........................................................................................ 20

*Gonzalez v. Planned Parenthood of Los Angeles*,
759 F.3d 1112 (9th Cir. 2014) ...................................................................................... 8, 9

*Hadley v. Kellogg Sales Co.*,
243 F. Supp. 3d 1074 (N.D. Cal. 2017) .......................................................................... 11

*Hadley v. Kellogg Sales Co.*,
273 F. Supp. 3d 1052 (N.D. Cal. 2017) ............................................................................ 5

*Hamm v. Mercedes-Benz USA, LLC*,
2022 WL 913192 (N.D. Cal. Mar. 29, 2022) ................................................................. 23

*Herrington v. Johnson & Johnson Consumer Companies, Inc.*,
No. C 09-1597 CW, 2010 WL 3448531 (N.D. Cal. Sept. 1, 2010) ................................ 20

*In re Arris Cable Modem Consumer Litig.*,
2018 WL 288085 (N.D. Cal. Jan. 4, 2018) ....................................................................... 5

*In re California Gasoline Spot Mkt. Antitrust Litig.*,
2021 WL 1176645 (N.D. Cal. Mar. 29, 2021) ............................................................... 13

*In re Ferrero Litig.*,
794 F. Supp. 2d 1107 (S.D. Cal. 2011) ........................................................................... 12

*In re Google Phone Litig.*,
2012 WL 3155571 (N.D. Cal. Aug. 2, 2012) ................................................................. 11

*In re MacBook Keyboard Litig.*,
2020 WL 6047253 (N.D. Cal. Oct. 13, 2020) ................................................................ 13

*In re Sony PS3 Other OS Litig.*,
551 F. App'x 916 (9th Cir. 2014) ................................................................................... 19

*Julian v. TTE Tech., Inc.*,
2020 WL 6743912 (N.D. Cal. Nov. 17, 2020) ............................................................... 20

*Kane v. Chobani, Inc.*,
2013 WL 5289253 (N.D. Cal. Sept. 19, 2013) .......................................................... 17, 24

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ............................................................................................ 5, 18

*Knievel v. ESPN*,
  393 F.3d 1068 (9th Cir. 2005) ................................................................................................... 24

*Kowalsky v. Hewlett-Packard Co.*,
  771 F. Supp. 2d 1156 (N.D. Cal. 2011) ...................................................................................... 19

*Kumandan v. Google LLC*,
  2022 WL 103551 (N.D. Cal. Jan. 11, 2022) ................................................................................ 18

*Kwan v. SanMedica Int'l, LLC*,
  2015 WL 848868 (N.D. Cal. Feb. 25, 2015) .................................................................................. 9

*Kwikset Corp. v. Superior Court*,
  246 P.3d 877 (Cal. 2011) ............................................................................................................ 11

*Lanovaz v. Twinings N. Am., Inc.*,
  2014 WL 46822 (N.D. Cal. Jan. 6, 2014) .............................................................................. 11, 12

*Lee v. City of Los Angeles*,
  250 F.3d 668 (9th Cir. 2001) ........................................................................................................ 3

*Levitt v. Yelp! Inc.*,
  765 F.3d 1123 (9th Cir. 2014) ...................................................................................................... 7

*Loh v. Future Motion, Inc.*,
  2022 WL 2668380 (N.D. Cal. July 11, 2022) .......................................................... 12, 15, 17, 19

*Love v. Handlery Hotels, Inc.*,
  2021 WL 2531090 (N.D. Cal. June 21, 2021) ............................................................................... 8

*Lozano v. AT & T Wireless Servs., Inc.*,
  504 F.3d 718 (9th Cir. 2007) ...................................................................................................... 11

*Lujan v. Defs. of Wildlife*,
  504 U.S. 555 (1992) ..................................................................................................................... 21

*Lytle v. Nutramax Lab'ys, Inc.*,
  2019 WL 8060070 (C.D. Cal. Sept. 26, 2019) .................................................................. 6, 17, 25

*Matthews v. Nat'l Football League Mgmt. Council*,
  688 F.3d 1107 (9th Cir. 2012) .................................................................................................... 24

*Maxwell v. Unilever U.S., Inc.*,
  2013 WL 1435232 (N.D. Cal. Apr. 9, 2013) ............................................................................... 17

*Maxwell v. Unilever U.S., Inc.*,
  2018 WL 1536761 (N.D. Cal. Mar. 29, 2018) .............................................................................. 5

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

*McCrary v. Elations Co.,*
    2013 WL 6402217 (C.D. Cal. April 24, 2013) ................................................................. 6, 7

*Miller v. Ghirardelli Chocolate Co.,*
    912 F. Supp. 2d 861 (N.D. Cal. 2012) ............................................................................ 23

*Miller v. Sawant,*
    18 F.4th 328 (9th Cir. 2021) ...................................................................................... 4, 21

*Minkler v. Apple, Inc.,*
    65 F. Supp. 3d 810 (N.D. Cal. 2014) ......................................................................... 15, 17

*Nat'l Council Against Health Fraud Inc. v. King Bio Pharms. Inc.,*
    107 Cal. App. 4th 1336, 133 Cal. Rptr. 2d 207 (2003) .................................................. 9, 10

*Nationwide Biweekly Admin., Inc. v. Superior Court of Alameda Cty.,*
    462 P.3d 461 9 Cal. 5th 279 (Cal. 2020) ......................................................................... 12

*Nayab v. Cap. One Bank (USA), N.A.,*
    942 F.3d 480 (9th Cir. 2019) ............................................................................................ 5

*Outboard Marine Corp. v. Super. Ct.,*
    52 Cal. App. 3d 30, 124 Cal. Rptr. 852 (1975) ................................................................. 13

*Padilla v. Costco Wholesale Corp.,*
    2013 WL 195769 (N.D. Ill. Jan. 16, 2013) ......................................................................... 6

*Perez v. Bath & Body Works, LLC,*
    2022 WL 2756670 (N.D. Cal. July 14, 2022) .................................................................... 24

*Perry v. Manna Pro Products, LLC,*
    2022 WL 3585611 (E.D. Mo. Aug. 22, 2022) ................................................. 8, 9, 10, 18, 20

*Produce Pay, Inc. v. Izguerra Produce, Inc.,*
    39 F.4th 1158 (9th Cir. 2022) ......................................................................................... 24

*Punian v. Gillette Co.,*
    2016 WL 1029607 (N.D. Cal. Mar. 15, 2016) ............................................................. 11, 19

*Robles v. Gojo Indus., Inc,*
    2022 WL 2163846 (C.D. Cal. Mar. 16, 2022) ................................................................... 22

*Rose v. HP Inc.,*
    2020 WL 7714532 (N.D. Cal. Dec. 29, 2020) ................................................................... 16

*Route v. Mead Johnson Nutrition Co.,*
    2013 WL 658251 (C.D. Cal. Feb. 21, 2013) ....................................................................... 8

*Ruszecki v. Nelson Bach USA Ltd.,*
    2015 WL 6750980 (S.D. Cal. June 25, 2015) .............................................................. 13, 14

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

*Samet v. Procter & Gamble Co.*,
   2013 WL 3124647 (N.D. Cal. June 18, 2013) ................................................................ 17

*Secure Cam, LLC v. Tend Insights, Inc.*,
   351 F. Supp. 3d 1249 (N.D. Cal. 2018) ......................................................................... 3

*Shanks v. Jarrow Formulas, Inc.*,
   2019 WL 7905745 (C.D. Cal. Dec. 27, 2019) .............................................................. 23

*Smedt v. The Hain Celestial Grp., Inc.*,
   2013 WL 4455495 (N.D. Cal. Aug. 16, 2013) ........................................................ 17, 24

*Sonner v. Premier Nutrition Corp.*,
   971 F.3d 834 (9th Cir. 2020) ........................................................................................ 12

*Sotelo v. Rawlings Sporting Goods Co., Inc.*,
   2019 WL 4392528 (C.D. Cal. May 8, 2019) ................................................................ 13

*Spindler v. Gen. Motors, LLC*,
   2022 WL 2905232 (N.D. Cal. July 21, 2022) .............................................................. 14

*Starcity Cap., LLC v. Bio-Matrix Sci. Grp., Inc.*,
   2014 WL 851067 (S.D. Cal. Mar. 3, 2014) ................................................................. 19

*Strickland v. AT&T W. Disability Benefits Program*,
   2017 WL 3670784 (N.D. Cal. Aug. 24, 2017) ............................................................ 19

*Summers v. Earth Island Inst.*,
   555 U.S. 488 (2009) ...................................................................................................... 21

*Swearingen v. Amazon Pres. Partners, Inc.*,
   2014 WL 3934000 (N.D. Cal. Aug. 11, 2014) ............................................................ 16

*T & M Solar & Air Conditioning, Inc. v. Lennox Int'l Inc.*,
   83 F. Supp. 3d 855 (N.D. Cal. 2015) ...................................................................... 15, 16

*Taleshpour v. Apple Inc.*,
   2021 WL 1197494 (N.D. Cal. Mar. 30, 2021) ............................................................ 17

*Threshold Enterprises Ltd. v. Pressed Juicery, Inc.*,
   445 F. Supp. 3d 139 (N.D. Cal. 2020) ......................................................................... 24

*Toback v. GNC Holdings, Inc.*,
   2013 WL 5206103 (S.D. Fla. Sept. 13, 2013) ................................................... 11, 18, 20

*Tubbs v. AdvoCare Int'l, L.P.*,
   785 F. App'x 396 (9th Cir. 2019) ................................................................................... 9

*Unico Am. Corp. v. Ins. Sys., Inc.*,
   2016 WL 11506626 (C.D. Cal. May 2, 2016) ............................................................. 21

*William O. Gilley Enterprises, Inc. v. Atl. Richfield Co.*,
   588 F.3d 659 (9th Cir. 2009) ........................................................................................... 5

*Williams v. Apple, Inc.*,
   2020 WL 6743911 (N.D. Cal. Nov. 17, 2020) ........................................................... 12, 13

*Williams v. Gerber Products Co.*,
   552 F.3d 934 (9th Cir. 2008) ........................................................................................... 5

*Yamasaki v. Zicam LLC*,
   2021 WL 4951435 (N.D. Cal. Oct. 25, 2021) ........................................................... 9, 25

*Zapata Fonseca v. Goya Foods Inc.*,
   2016 WL 4698942 (N.D. Cal. Sept. 8, 2016) ........................................................... 13, 20

**Statutes**

Cal. Bus. & Prof. Code § 17200 *et seq.* ........................................................................ 4

Cal. Bus. & Prof. Code § 17500 *et seq.* ........................................................................ 4

Cal. Civ. Code § 1750 *et seq.* ........................................................................................ 4

Cal. Civ. Code § 1770(a)(9) ........................................................................................ 19

Cal. Civ. Code § 1782(a) ........................................................................................ 13

Cal. Civ. Code § 1791 *et seq.* ........................................................................ 4, 16, 17, 18

Cal. Civ. Code § 1792 *et seq.* ........................................................................................ 4

Cal. Civ. Code § 1794 ........................................................................................ 17

Cal. Com. Code § 2313 ........................................................................................ 15

Cal. Com. Code § 2314 ........................................................................................ 4, 16

Cal. Com. Code § 2607(3)(A) ........................................................................................ 15

**Rules**

Fed. R. Civ. P. 12(b)(1) ........................................................................................ 1, 2, 21

Fed. R. Civ. P. 12(b)(6) ........................................................................................ 1, 2

Fed. R. Civ. P. 8 ........................................................................ 2, 15, 17, 18, 19, 20

Fed. R. Civ. P. 8(a) ........................................................................................ 1, 18

Fed. R. Civ. P. 9(b) ........................................................ 1, 2, 5, 6, 12, 15, 17, 18, 19, 20

1

Fed. R. Evid. 201 .................................................................................................................. 14

2

**<u>Additional Authorities</u>**

3

Soft Chews Product Page, DOGGIE DAILIES, https://doggiedailies.com/collections/shop-by-
   type/chews#products (last visited October 3, 2022) ............................................................ 24

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

## NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that on Thursday, November 17, 2022 at 9:00 AM or as soon as counsel may be heard, before the Honorable Jacqueline Scott Corley, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California, Courtroom 8, 19th Floor, Defendant Compana Pet Brands will, and do, move under Federal Rule of Civil Procedure 12(b)(6) and 12(b)(1) to dismiss Plaintiff Linda Goshert's First Amended Class Action Complaint ("Amended Complaint") (Doc. 20). This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the arguments of counsel, and such other submissions and material that the Court may consider.

## STATEMENT OF ISSUES TO BE DECIDED

1.      Whether Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) and whether Plaintiff lacks standing to seek injunctive relief or represent purchasers of unpurchased products under Federal Rule of Civil Procedure 12(b)(1).

2.      Whether Plaintiff's Amended Complaint satisfies the pleading standard under Federal Rule of Civil Procedure 8(a) and the heightened pleading standard under Federal Rule of Civil Procedure 9(b) for any of her legal claims or factual allegations.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiff Linda Goshert purchased Doggie Dailies Hip & Joint Supplement for Dogs ("Soft Chews"), containing the ingredients glucosamine and chondroitin, to "treat her dog's hip and joint pain" from "arthritic hips." She alleges that the product did not work and that "[d]ecades of studies"—or at least the four selectively quoted sources dated between 2003 and 2017—debunk the notion that supplements containing glucosamine and chondroitin promote joint health. Those sources may be relevant to some case, but they are not relevant to this one. That is because the "studies" that purportedly disprove Soft Chews' representations deal only with disease treatment, not supporting or promoting joint health. And even if they were somehow relevant—and if the Court looked past Defendant Compana Pet Brands' disclaimer that the Soft Chews are "not intended to diagnose, treat, cure, or prevent any diseases"—these studies would contradict, not support, Goshert's allegations.

All of Goshert's claims are based on this disconnect. She thus fails to allege that the labels are false or misleading with the plausibility required under Rule 8 and the particularity required under Rule 9(b). Each of her claims also has other problems on top of this fundamental one.

Many, if not all, of these deficiencies were addressed by Compana's motion to dismiss. (Doc. 13). Rather than respond, Goshert filed the Amended Complaint. The Amended Complaint does not fix Goshert's problems; it doubles down on and adds to them. The additions include still another cause of action and a list of all-new statements and images that Goshert apparently did not remember relying on when she prepared her first complaint (though Goshert conveniently crops out the disclaimer that contradicts her purported interpretation). No matter. The result should be a dismissal of the Amended Complaint under Rule 12(b)(6) or under Rule 12(b)(1).

## BACKGROUND

***The Statements***. Goshert alleges that in March 2022, she bought a bottle of Doggie Dailies Hip & Joint Supplement for Dogs from Amazon.com, a product she has purchased "numerous times over the years." Am. Compl. ¶ 32. The Soft Chews' label states that the product "Promotes Healthy Joints, Comfort, and Mobility." *Id.* Goshert also alleges, some for the first time in her Amended Complaint, that she relied on "[these] additional representations" on Amazon's website: (1) "a daily does (sic) is sure to support healthy joints, mobility, and flexibility"; (2) "Doggie Dailies is a safe and effective hip and joint soft chew your dog will love. Our glucosamine dog treats are specially formulated to help promote healthy joints, mobility, and flexibility"; (3) "Helps Maintain Strong Bones," "Promotes Healthy Joints," "Helps Maintain Mobility," and "Supports Connective Tissue Healthy"; (4) "Powerful Blend of Ingredients known to promote dog joint health, support mobility, and keep your dog active"; (5) "Specifically Formulated to Support Joint Function"; and (6) "Makes it easier to go on walks, jump, [and] play" (these seven statements are collectively, the "Statements").[1] *Id.* ¶ 33. Goshert's dog "had been suffering from arthritic hips" and "[t]hese statements along with the photographs and videos of what appeared to be older dogs" on the Soft Chews' Amazon webpage allegedly led her to believe that the Soft Chews "would

---

[1] Since filing her original Complaint, Goshert ostensibly realized that she relied on other statements, photos, and videos about and images on Amazon's webpage for the Soft Chews. *Compare* Doc. 20 ¶ 16, *with* Am. Compl. ¶¶ 9–14, 33–34.

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

effectively treat her dog's hip and joint pain and would support connective tissue and joint movement that would allow her dog to move about unimpeded by its joints." *Id.* ¶ 34; *see also id.* ¶¶ 9–14 (depicting images and video screenshots about the Soft Chews from Amazon's webpage). The Soft Chews, however, did not work (Goshert says) because her "dog has continued to experience pain in its hips and has been unable to maintain an active lifestyle." *Id.*

 ***Sources Cited in Complaint***. Goshert alleges that "[d]ecades of studies and peer-reviewed tests" show that the Statements are false and misleading. *Id.* ¶ 25. In support, Goshert cites only four authorities: Plumb's Veterinary Handbook ("Plumb's"), the Banfield Journal, the Moreau study, and the Scott study.[2] *See id.* ¶¶ 26–27, 29. At best, these sources are irrelevant. In the first place, none of them address (and Goshert does not allege that they address) the efficacy of the Soft Chews, or any Doggie Dailies product. *See generally* Ex. 1 Atts. A–D. Nor does Goshert allege that any of these sources address a product that contains glucosamine and chondroitin with the Soft Chews' concentration, combination, amount per dose, or directed dosage. And even more to the point, each authority addresses whether glucosamine and chondroitin, as ingredients in other canine nutraceuticals, treat osteoarthritis or joint disease. Plumb's addresses whether glucosamine and chondroitin can be "used as an adjunctive treatment for osteoarthritis or other painful conditions." *Id.* Att. A at 429. The Banfield Journal analyzes whether glucosamine and chondroitin in combination effectively treat joint disease. *See id*. Att. B at 3. The Moreau study sought to find "the best treatment for dogs with [the diagnosed condition of] osteoarthritis." *Id*. Att. C at 323. And the Scott study aimed to "assess the safety and efficacy of [glucosamine and chondroitin] for the treatment of clinical osteoarthritis (OA) in dogs." *Id*. Att. D at 318.

---

[2] The Plumb's handbook is attached as Attachment A to the October 7, 2022 Declaration of Jennifer Lee, attached as Exhibit 1. The Banfield Journal article is attached as Attachment B, the Moreau study is attached as Attachment C, and the Scott study is attached as Attachment D. *See* Ex. 1 Atts. A–D. Although the Court does not consider material beyond the pleadings on a motion to dismiss, "[e]xceptions to this rule include material submitted as part of the complaint or relied upon in the complaint, and material subject to judicial notice." *Secure Cam, LLC v. Tend Insights, Inc.*, 351 F. Supp. 3d 1249, 1253 (N.D. Cal. 2018) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001)); *see also Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) ("Under the incorporation by reference doctrine in this Circuit, . . . courts may take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.") (cleaned up). The Court may properly consider these sources because Goshert incorporates them by reference. *See* Am. Compl. ¶¶ 26–27, 29.

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

While irrelevant to efficacy for promoting healthy joints, two of Goshert's four authorities acknowledge the opposite of Goshert's allegations: Glucosamine and chondroitin may be effective for treating joint disease. Plumb's states that while "efficacy is uncertain," glucosamine/chondroitin nutraceuticals "can be used as an adjunctive treatment for osteoarthritis or other painful conditions." *Id*. Att. A at 429. Plumb's also reports that "[t]hese compounds may be useful in treating osteoarthritis or other painful conditions in domestic animals, [even though] large, well-designed controlled clinical studies proving efficacy were not located." *Id*. "The Banfield Journal agrees that although "strong clinical evidence of efficacy is lacking, and these compounds are understudied," evidence exists "that a combination of glucosamine hydrochloride and chondroitin sulfate nutraceuticals improves symptoms associated with joint disease in dogs and cats." *Id*. Att. B at 3.

***Goshert's Complaint.*** Goshert sued Compana on behalf of herself and a putative class defined as "[a]ll persons in the State of California who purchased the Supplements." Am. Compl. ¶ 41. Goshert defines "Supplements" as both the Soft Chews she purchased and three other Doggie Dailies products that she did not purchase: (1) Senior Essentials Advanced Hip & Joint Supplement for Senior Dogs; (2) 5-in-1 Multivitamin Soft Chews for Dogs; and (3) Advanced 10-in-1 Senior Multivitamin. *Id*. ¶ 1.

The Amended Complaint asserts eight counts. **Counts I, II, and III** assert violations of the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*; California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq.*; and California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; **Counts IV and V** assert breach of express warranty, and breach of implied warranty under the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1792 *et seq.*, and California Commercial Code § 2314; **Count VI** alleges fraud; **Count VII** alleges unjust enrichment; and **Count VIII** alleges negligent misrepresentation. All Counts should be dismissed.

### STANDARD OF REVIEW

"[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Miller v. Sawant*, 18 F.4th 328, 336 (9th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers labels and conclusions or a formulaic recitation of the

elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Nayab v. Cap. One Bank (USA), N.A.*, 942 F.3d 480, 500 (9th Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678) (cleaned up). In other words, [w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not shown—that the pleader is entitled to relief." *William O. Gilley Enterprises, Inc. v. Atl. Richfield Co.*, 588 F.3d 659, 668 (9th Cir. 2009) (cleaned up).

## ARGUMENT

### I.   Goshert fails to state a claim under the CLRA, FAL, and UCL (Counts I–III).

#### A.   Goshert fails to plausibly allege that the Statements are false or misleading.

Goshert's claims under the CLRA, FAL, and the UCL's fraudulent and unfair prongs should be dismissed because Goshert fails to plausibly allege that reasonable consumers could be misled by the Statements. Am. Compl. ¶¶ 47–69, 76–81; *see Hadley v. Kellogg Sales Co.*, 273 F. Supp. 3d 1052, 1063 (N.D. Cal. 2017) (analyzing these three statutes together and collecting cases); *Maxwell v. Unilever U.S., Inc.*, 2018 WL 1536761, at *5 (N.D. Cal. Mar. 29, 2018). Whether a business practice is deceptive or misleading under these California statutes is governed by the "reasonable consumer test," under which a plaintiff "must show that members of the public are likely to be deceived." *Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (cleaned up). This "requires more than a mere possibility that [a] label might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) (cleaned up). It "requires a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Id.* (cleaned up).

"When UCL, CLRA, and FAL claims are premised on misleading advertising or labeling, Rule 9(b) requires the plaintiff to allege the particular circumstances surrounding [the] representations' at issue." *In re Arris Cable Modem Consumer Litig.*, 2018 WL 288085, at *8 (N.D. Cal. Jan. 4, 2018) (citing *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009)) (explaining that when a plaintiff "allege[s] a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of that claim . . . the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading . . . as a whole must satisfy the particularity requirement of Rule 9(b)")). "To properly plead fraud with

particularity under Rule 9(b), a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018) (holding that claims for false or misleading advertising under the CLRA, FAL, and UCL are "grounded in fraud" and applying Rule 9(b)) (cleaned up). Goshert is thus "required not simply to adequately plead that reasonable consumers are likely to be deceived" by the Statements "but also why the [Statements are] false." *Id.* at 965 n.2.

"Several courts . . . have observed that a study concluding that a product does not alleviate osteoarthritis symptoms does not speak to whether that the same product supports general joint health." *Lytle v. Nutramax Lab'ys, Inc.*, 2019 WL 8060070, at *5 (C.D. Cal. Sept. 26, 2019) (collecting cases); *see, e.g.*, *Eckler v. Wal-Mart Stores, Inc.*, 2012 WL 5382218, at *7 (S.D. Cal. Nov. 1, 2012) ("The studies allegedly show that glucosamine doesn't alleviate the symptoms of osteoarthritis in the hip and knee. That is a very particular showing with respect to a degenerative joint disease and . . . it doesn't address the far more general claim . . . that glucosamine is good for the body's joints."); *McCrary v. Elations Co.*, 2013 WL 6402217, at *3 (C.D. Cal. April 24, 2013) ("[T]he studies pertaining to the ineffectiveness of [these] ingredients in the treatment of osteoarthritis are inapposite. These studies do not plausibly demonstrate that [the product] does not improve joint comfort, flexibility, or health."); and *Padilla v. Costco Wholesale Corp.*, 2013 WL 195769, at *3 (N.D. Ill. Jan. 16, 2013) ("[T]he . . . product label does not claim to be effective for the treatment of osteoarthritis. Thus, clinical studies regarding the ineffectiveness of glucosamine or chondroitin in the treatment of osteoarthritis does not have any bearing on the truthfulness of the actual representations made on the . . . product label."). These cases "reflect the principle that a study's conclusion must **directly** address the misrepresentation it is cited to debunk." *Lytle*, 2019 WL 8060070, at *5 (emphasis added).

Goshert fails to plausibly allege "what is false or misleading about the purportedly fraudulent statement[s], and why it is false" because her four scientific authorities do not directly address the Soft Chews' Statements. *See* Am. Compl. ¶¶ 26–27, 29. They address the efficacy of some formulation of glucosamine and chondroitin in ***treating*** joint disease or osteoarthritis. *See supra* at 3–4. But the Statements do not claim that the Soft Chews treat joint disease or osteoarthritis; they speak only in generic

terms about promoting or supporting joint health: (1) "Promotes Healthy Joints, Comfort, and Mobility"; (2) "a daily does (sic) is sure to support healthy joints, mobility, and flexibility"; (3) "Doggie Dailies is a safe and effective hip and joint soft chew your dog will love. Our glucosamine dog treats are specially formulated to help promote healthy joints, mobility, and flexibility"; (4) "Helps Maintain Strong Bones," "Promotes Healthy Joints," "Helps Maintain Mobility," and "Supports Connective Tissue Healthy"; (5) "Powerful Blend of Ingredients known to promote dog joint health, support mobility, and keep your dog active"; (6) "Specifically Formulated to Support Joint Function"; (7) "Makes it easier to go on walks, jump, [and] play." Am. Compl. ¶¶ 32–33; *see generally Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) ("[E]valuating a complaint's plausibility is a context-specific endeavor that requires courts to draw on judicial experience and common sense.") (cleaned up).

In fact, a video that Goshert allegedly relied on before purchasing the Soft Chews, *see* Am. Compl. ¶¶ 10–12, 14, 34, includes a disclaimer—conveniently cropped out by Goshert in her video screenshots from the Amazon webpage, *compare* Ex. 1 Atts. E-G *with* Am. Compl. ¶¶ 10–12—stating that the Soft Chews are "not intended to diagnose, treat, cure, or prevent any diseases." Ex. 1 Atts. E-G.[3] In similar cases, courts find that a disclaimer's presence undermines the facial plausibility that a product's representations can be interpreted as promising to treat symptoms of osteoarthritis. *See McCrary*, 2013 WL 6402217, at *4 ("[The] packaging directly contradicts any supposed reference or inference to osteo-arthritis by disclaiming that it treats any disease."); *Eckler*, 2012 WL 5382218, at *7 (finding studies on osteoarthritis lacked facial plausibility to show that representations about joint health were false and mis-leading where the product disclaimed that it "is not intended to diagnose, treat, cure, or prevent any disease"). This disclaimer thus makes unreasonable Goshert's theory that the Statements mislead con-sumers (including herself) into believing that the Soft Chews will "treat canine arthritis symptoms." Am. Compl. ¶ 28; *see also id.* ¶ 34 (alleging that she bought the Soft Chews to "treat her dog's hip and joint pain" because her dog "had been suffering from arthritic hips").

Yet even if the studies were somehow relevant, these studies would contradict, not bolster,

---

[3] Complete video screenshots of the screenshots depicted and incorporated by reference in Goshert's Amended Complaint are attached as Attachments E–G to Exhibit. *See* Am. Compl. ¶¶ 10–12; *see supra* at 2 n.2; *see also* Doc. 1 ¶ 3 n.4 (citing the Soft Chews' Amazon webpage link).

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

Goshert's allegations that the Soft Chews do not support joint health.[4] *See* Ex. 1 Att. D (Scott) at 318–19, 321 (compiling study results and noting that clinical trials in dogs revealed "variable clinical efficacy"; "[T]here is evidence that various glucosamine/chondroitin products are bioavailable in the dog and provide a treatment benefit in induced canine models of osteoarthritis."); *id.* Att. C (Moreau) at 323 ("A mixture of [glucosamine and chondroitin] has previously been shown to provide prophylactic protection against synovitis [(i.e., swollen joints)] to retard the degenerative process synergistically and to modulate the metabolism of articular cartilage."); *id.* Att. A (Plumb's) at 429 ("Glucosamine also regulates synthesis of collagen and proteoglycans in cartilage and has mild antiinflammatory effects due to its ability to scavenge free radicals . . . . Chondroitin sulfate possesses several pharmacologic effects. It appears to inhibit destructive enzymes in joint fluid and cartilage . . . . In joint cartilage, it stimulates the production of glycosaminoglycans and proteoglycans."); *id.* Att. B at 4 (Banfield) ("Most efficacy studies involving the combination of the two compounds are conducted with humans—extrapolating from these studies, it is recommended to use these nutraceuticals for Pets with mild to moderate joint disease."). Consulting the sources shows that Goshert has "obviously cherry-picked all of the most negative language from the [studies] that could potentially support her claims and has ignored" everything else. *Route v. Mead Johnson Nutrition Co.*, 2013 WL 658251, at *5 (C.D. Cal. Feb. 21, 2013).

Goshert's claims are all but identical to recently rejected claims involving another canine joint health supplement sold by Compana. In *Perry v. Manna Pro Products, LLC*,[5] the plaintiff alleged that the statement, "Helps support[] joint health, flexibility and cartilage in dogs of all ages, including older, previous injured working dogs," on a different brand's hip and joint supplements was false and misleading under New York law based on the same four scientific sources that Goshert cites here. 2022 WL 3585611, at *1–*2 (E.D. Mo. Aug. 22, 2022). After reviewing the sources, the court held that "they are focused on the effectiveness of glucosamine or chondroitin in the treatment of osteoarthritis, joint disease, and joint pain—topics which are not mentioned [on] Defendant's product labels or website." *Id.*, at *4.

---

[4] The Court "need not accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1115 (9th Cir. 2014); *see, e.g.*, *Love v. Handlery Hotels, Inc.*, 2021 WL 2531090, at *5 (N.D. Cal. June 21, 2021) ("Love asserts that the website left him 'essentially ignorant' about the Hotel's accessibility . . . but this is contradicted by the website he incorporated by reference into the complaint.").

[5] In March 2022, Manna Pro Products, LLC rebranded as Compana Pet Products.

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

In so holding, the court rejected the plaintiff's argument that the sources' "focus on osteoarthritis" is a "'distinction without a difference' because it is well known that joint health (or lack thereof) is a symptom of osteoarthritis." *Id.*, at *3; *see* Am. Compl. ¶ 28 (alleging that the Supplements claim to treat osteoarthritis symptoms). In the end, the court dismissed with prejudice, concluding that the plaintiff failed to plausibly allege a false or misleading representation: "[I]t is Plaintiff's burden to plausibly plead falsity or deception. Her only attempt to do so here is to cite to the above-noted publications and to state that the Supplements had no impact on her dog's osteoarthritis or joint pain. But the alleged representations on which Plaintiff relied do not claim otherwise." *Id.*, at *5. So too here.

## B.    Goshert's alleged violations of the CLRA, FAL, and UCL claims are unactionable lack of substantiation claims.

Rather than support the Statements' falsity, Goshert's sources expose her theory as an unactionable "lack of substantiation" claim. "It is well settled that private litigants may not bring false advertising claims based on an alleged lack of substantiation." *Yamasaki v. Zicam LLC*, 2021 WL 4951435, at *4 (N.D. Cal. Oct. 25, 2021) (citing *Nat'l Council Against Health Fraud Inc. v. King Bio Pharms. Inc.*, 107 Cal. App. 4th 1336, 1345, 133 Cal. Rptr. 2d 207 (2003)). "[A]n advertising claim is false if it has actually been disproved, that is if the plaintiff can point to evidence that directly conflicts with the claim." *Kwan v. SanMedica Int'l, LLC*, 2015 WL 848868, at *4 (N.D. Cal. Feb. 25, 2015) (cleaned up); *see also Tubbs v. AdvoCare Int'l, L.P.*, 785 F. App'x 396 (9th Cir. 2019) ("The falsity of the advertising claims may be established by testing, scientific literature, or anecdotal evidence." (quoting *King Bio*, 107 Cal. App. 4th at 1348)). For this reason, "a plaintiff's reliance on a lack of scientific evidence or inconclusive, rather than contradictory, evidence is not sufficient to state a claim." *Bronson v. Johnson & Johnson, Inc.*, 2013 WL 1629191, at *8 (N.D. Cal. Apr. 16, 2013).

Though Goshert alleges that the products are "ineffective," "worthless," and "a sham," Am. Compl. ¶¶ 25, 28, 106, the scientific literature that allegedly proves falsity are, at best, irrelevant to these allegations and, at worst, undermine them. *See Gonzalez*, 759 F.3d at 1115. For example, Goshert alleges that Plumb's and the Banfield Journal "indicate that Defendant's product claims about the Supplements are false and misleading." Am. Compl. ¶ 29. But the only inference to be drawn from these sources—as quoted directly in the Complaint—is that glucosamine and chondroitin supplements' efficacy is

unsubstantiated. *See id.*; Ex. 1 Att. A (Plumb's) at 429 ("These compounds may be useful in treating osteoarthritis or other painful conditions in domestic animals, but large, well-designed controlled clinical studies proving efficacy were not located."; "[w]ell tolerated, but efficacy is uncertain"); *id.* Att. B (Banfield) at 3 (stating as its "clinical bottom line" that "the benefits of using a combination of glucosamine hydrochloride and chondroitin sulfate nutraceuticals to improve symptoms associated with canine and feline joint disease has yet to be determined."; "[S]trong clinical evidence of efficacy is lacking, and these compounds are understudied.").

Both the Scott and Moreau studies also cautioned against drawing any global conclusions from their results. *See* Ex. 1 Att. D (Scott) at 321 (declining to "comment on [glucosamine's] overall efficacy given the limited number of dogs (n = 30) and duration of treatment (90 days)" and recognizing that "differences [in studies] make it difficult to draw an all-encompassing conclusion regarding [glucosamine] products safety and efficacy in dogs"); *id.* Att. C (Moreau) at 327 ("The recommended therapeutic dose of CS-G-M may have been insufficient to provide a clinical improvement, and larger doses or modifications to the proportions of its constituents may help to make it more effective, possibly in dogs with less severe osteoarthritis."). At bottom, Goshert's "inconclusive, rather than contradictory, evidence is not sufficient to state a claim." *Bronson*, 2013 WL 1629191, at *8.

As for "anecdotal" evidence of falsity, *King Bio*, 107 Cal. App. 4th at 1348, although Goshert now alleges in her Amended Complaint that after using the Soft Chews her "dog has continued to experience pain in its hips and has been unable to maintain an active lifestyle," she admits elsewhere—and did in her original complaint as well—that she "is unable to determine if the Supplements are actually effective at helping her dog maintain and improve joint health." Am. Compl. ¶¶ 34, 36. Goshert's ability to plausibly allege knowledge of her dog's experienced joint pain is dubious, but even if she could somehow do so, her allegation amounts to the *ipse dixit* claim that the Soft Chews didn't work because she says they did not work. That allegation does not state a claim. *See, e.g.*, *Perry*, 2022 WL 3585611, at *5 (rejecting plaintiff's conclusory allegation that "the Supplements had no impact on her dog's osteoarthritis or joint pain"); *Eckler*, 2012 WL 5382218, at *3 n.2, *8 (finding plaintiff's conclusory allegation that the glucosamine product at issue "did not rebuild her cartilage, lubricate her joints or improve her joint comfort as represented" speculative and noting that, as much as plaintiff's claim turned on her own

experience, she needed to "say far more than, in essence, 'I took Equate and didn't feel any better'"); *Toback v. GNC Holdings, Inc.*, 2013 WL 5206103, at \*6 (S.D. Fla. Sept. 13, 2013) ("Plaintiff's claim is not salvaged by his conclusory allegation that the Vitapak 'did not help repair or preserve' his cartilage" where this allegation was "devoid of any further detail or support"); *see generally Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). When parsed, Goshert's evidence supports only an unactionable lack of sub-stantiation claim.

### C.     Goshert also fails to state a claim under the UCL's "unlawful" prong.

Goshert's claim under the UCL's "unlawful" prong, which provides for a separate theory of liability, *Lozano v. AT & T Wireless Servs., Inc.*, 504 F.3d 718, 731 (9th Cir. 2007), fails for similar reasons. *See* Am. Compl. ¶¶ 73–75. Under the unlawful prong, the UCL "borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *De La Torre v. CashCall, Inc.*, 854 F.3d 1082, 1085 (9th Cir. 2017) (citation omitted). For this reason, "a claim under this prong hinges upon whether a plaintiff can formulate a claim under the predicate law." *Eidmann v. Walgreen Co.*, 522 F. Supp. 3d 634, 647 (N.D. Cal. 2021); *see also Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1094 (N.D. Cal. 2017). Because Goshert's predicate claims fail—violations of the CLRA and FAL, and breach of implied warranty, *see* Am. Compl. ¶ 75—Goshert's UCL unlawful claim fails too. *See supra* at 5–9; *infra* at 16–17; *see, e.g.*, *Punian v. Gillette Co.*, 2016 WL 1029607, at \*17 (N.D. Cal. Mar. 15, 2016) ("Because the Court finds that Plaintiff did not plausibly allege any statutory violations [under the CLRA and FAL], the Court also finds that Plaintiff fails to plausibly allege violation of the unlawful prong of the UCL."); *In re Google Phone Litig.*, 2012 WL 3155571, at \*11 (N.D. Cal. Aug. 2, 2012) (finding plaintiff failed to state a claim under the UCL's unlawful prong when plaintiff failed to sufficiently plead predicate claims for breach of implied warranty and violation of the CLRA).

Goshert's UCL unlawful claim based on breach of implied warranty fails for another reason: Goshert did not rely on the statements underlying this claim. Claims arising under the UCL's unlawful prong "require reliance when the underlying misconduct involves misrepresentation or deception." *Lanovaz*, 2014 WL 46822, at \*2; *see also Kwikset Corp. v. Superior Court*, 246 P.3d 877, 888 (Cal. 2011)

(requiring reliance for all three UCL prongs when the claims were based on false advertising and misrepresentations). Goshert's unlawful claim requires reliance because her allegations—that Compana "tricked" consumers "into believing that the Supplements are fit for their purpose as joint health supplements," Am. Compl. ¶ 78, "rely on the exact same set of facts and theory of liability or unified course of conduct" as her misrepresentation claims. *Loh v. Future Motion, Inc.*, 2022 WL 2668380, at *5 (N.D. Cal. July 11, 2022) (analyzing breach of implied warranty claim under Rule 9(b)). Although Goshert alleges that Compana breached certain implied warranties because the Soft Chews do not "maintain healthy bone and joint function" and "maintain cartilage and connective tissue," Am. Compl. ¶ 96, Goshert never alleges that she relied on these statements before purchasing the Soft Chews.[6] *See id.* ¶¶ 33–34. The breach of implied warranty cannot thus support her UCL unlawful claim.

### D.   Goshert's equitable relief claims under the CLRA, FAL, and UCL fail as a matter of law because Goshert has an adequate remedy at law.

Goshert's equitable relief claims for injunctive relief and restitution under the CLRA, FAL, and UCL fail because Goshert does not (and cannot) allege an inadequate remedy at law. Am. Compl. ¶¶ 61, 69, 83; Prayer for Relief ¶¶ E–F; *see Nationwide Biweekly Admin., Inc. v. Superior Court of Alameda Cty.*, 462 P.3d 461, 488 9 Cal. 5th 279, 336 (Cal. 2020) (confirming that "civil causes of action authorized by the UCL and FAL must properly be considered equitable, rather than legal, in nature"); *Durkee v. Ford Motor Co.*, 2014 WL 4352184, at *3 (N.D. Cal. Sept. 2, 2014) (holding that CLRA injunctive relief is equitable). To bring equitable relief claims, the Ninth Circuit requires a party to "sufficiently allege a lack of legal remedy in order to survive a motion to dismiss," which Goshert does not (and cannot) do here. *Barrett v. Apple Inc.*, 523 F. Supp. 3d 1132, 1157 (N.D. Cal. 2021) (citing *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020)). In fact, Goshert admits to an adequate legal remedy by seeking money damages for her CLRA, breach of warranty, fraud, and negligent misrepresentation claims. Am. Compl. ¶¶ 61, 102, 108, 119; Prayer for Relief ¶ C; *see Williams v. Apple, Inc.*, 2020 WL 6743911, at *9 (N.D. Cal. Nov. 17, 2020) ("Monetary damages are a remedy at law." (citing *eBay Inc. v. MercExchange,*

---

[6] Because Goshert failed to allege reliance on these two statements, they also cannot support her CLRA and FAL claims. *Compare* Am. Compl. ¶¶ 56, 65, *with id.* ¶¶ 33–34; *see, e.g., Lanovaz v. Twinings N. Am., Inc.*, 2014 WL 46822, at *6 (N.D. Cal. Jan. 6, 2014); *In re Ferrero Litig.*, 794 F. Supp. 2d 1107, 1111–12 (S.D. Cal. 2011).

*LLC*, 547 U.S. 388, 391 (2006))). Courts routinely dismiss equitable relief claims under the CLRA, UCL, and FAL when the plaintiff has an adequate remedy at law. *See, e.g.*, *In re California Gasoline Spot Mkt. Antitrust Litig.*, 2021 WL 1176645, at *7 (N.D. Cal. Mar. 29, 2021) (Corley, J.) (dismissing UCL claim because plaintiff "failed to allege that she lacked an adequate remedy at law"); *Zapata Fonseca v. Goya Foods Inc.*, 2016 WL 4698942, at *7 (N.D. Cal. Sept. 8, 2016) (dismissing claims for equitable relief under the CLRA, UCL, and FAL because plaintiff pled five other claims which presented her with an adequate remedy at law); *In re MacBook Keyboard Litig.*, 2020 WL 6047253, at *4 (N.D. Cal. Oct. 13, 2020) (dismissing claims that "seek an injunction, restitution, or other equitable relief" with prejudice); *Williams*, 2020 WL 6743911, at *9 ("[A] federal court cannot grant relief under the UCL or FAL if Plain-tiffs have an adequate remedy at law."). Goshert's equitable claims must be dismissed.

### E.   Goshert's CLRA claim must be dismissed as to the product and specific representations for which she failed to provide pre-suit notice.

Goshert's CLRA claims for the 5-in-1 Multivitamin Soft Chews for Dogs and for the unnoticed photos, statements, and video must be dismissed because Goshert failed to provide pre-suit notice. Am. Compl. ¶¶ 9–14, 33, 56. Under Cal. Civ. Code § 1782(a), to seek damages under the CLRA, a plaintiff must provide notice to the defendant of "the particular alleged violations" of the statute. The purpose of the CLRA's notice requirement is "to provide and facilitate precomplaint settlements of consumer actions wherever possible and to establish a limited period during which such settlement may be accomplished." *Outboard Marine Corp. v. Super. Ct.*, 52 Cal. App. 3d 30, 41, 124 Cal. Rptr. 852 (1975). "Courts require strict compliance with the notice requirement in order to further this purpose." *Ruszecki v. Nelson Bach USA Ltd.*, 2015 WL 6750980, at *5 (S.D. Cal. June 25, 2015). "[W]here a plaintiff brings a CLRA cause of action, damages claims for any product not specifically noticed must be dismissed." *Sotelo v. Rawlings Sporting Goods Co., Inc.*, 2019 WL 4392528, at *6 (C.D. Cal. May 8, 2019) (collecting cases and dismissing claims for products that were not expressly identified in the CLRA notice). The same result applies for specific statements—i.e., the alleged violations—not noticed. *See Ruszecki*, 2015 WL 6750980, at *5.

Goshert's counsel notified Compana of this lawsuit on July 11, 2022.[7] Am. Compl. ¶¶ 61, 89. That letter identified three Doggie Dailies products: "Doggies Dailies Advanced Hip & Joint Supplement for Dogs, Doggie Dailies Senior Essentials Advanced Hip & Joint, and Doggies Dailies Senior Essentials 10-in-1 Senior Multivitamin." *See* Ex. 1 Att. E at 1 n.1 The letter did not identify the 5-in-1 Multivitamin Soft Chews for Dogs. As for specific representations made by Compana about the Soft Chews that allegedly violate California law, Goshert identified two: (1) "Promotes Healthy Joints, Comfort, and Mobility"; and (2) "Doggie Dailies is a safe and effective hip and joint soft chew your dog will love. Our glucosamine dog treats are specially formulated to help promote healthy joints, mobility, and flexibility. A daily dose of Doggie Dailies soft chews can help support your dog's mobility and overall joint health." *Id.* The Notice Letter did not identify the photos and video cited in the Amended Complaint, *see* Am. Compl. ¶¶ 9–14, or these other statements that Goshert also allegedly relied on: "a daily does (sic) is sure to support healthy joints, mobility, and flexibility"; "Helps Maintain Strong Bones," "Promotes Healthy Joints," "Helps Maintain Mobility," and "Supports Connective Tissue Healthy"; "Powerful Blend of Ingredients known to promote dog joint health, support mobility, and keep your dog active"; "Specifically Formulated to Support Joint Function"; "Makes it easier to go on walks, jump, [and] play"; and "Helps maintain healthy bone and joint function" and "cartilage and connective tissue." *Id.* ¶¶ 33, 56. Goshert's CLRA claim must therefore be dismissed as to the 5-in-1 Multivitamin Soft Chews for Dogs and the unidentified statements, photos, and video.[8] *See Ruszecki*, 2015 WL 6750980, at *6 (dismissing claims based on products and statements that were not identified in the notice letter); *Allen v. Similasan Corp.*, 2013 WL 5436648, at *3 (S.D. Cal. Sept. 27, 2013) (same).

For all these reasons, Counts I, II, and III fail to state a claim and should be dismissed.

---

[7] A copy of the July 11, 2022 demand letter is attached as Attachment H to Exhibit 1. The Court may consider this document under the incorporation by reference doctrine because Goshert alleges the contents of the letter in the Amended Complaint. Am. Compl. ¶¶ 61, 89. *See Davis*, 691 F.3d at 1160; *see, e.g.*, *Coheso, Inc. v. Can't Live Without It, LLC*, 2017 WL 10434396, at *1 n.1 (N.D. Cal. Dec. 18, 2017) (considering letter incorporated by reference into complaint on motion to dismiss). Or the Court may take judicial notice of this document. *See Spindler v. Gen. Motors, LLC*, 2022 WL 2905232, at *6 (N.D. Cal. July 21, 2022) (taking judicial notice of demand letter under Federal Rule of Evidence 201 because its "accuracy cannot reasonably be questioned").

[8] Goshert's CLRA claim based on the unnoticed statements, photos, and video and the 5-in-1 Multivitamin therefore cannot also constitute the predicate act for the UCL's unlawful prong. *See supra* at 11–12.

**II.    Goshert fails to state a claim for breach of express warranty because she does not plausibly allege breach or injury (Count IV).**

Goshert's breach of express warranty claim fails for three reasons. Under Cal. Com. Code § 2313, an express warranty is created through "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise." To state a claim for breach of express warranty under California law, Goshert must allege "(1) the exact terms of the warranty; (2) reasonable reliance thereon; and (3) a breach of warranty which proximately caused plaintiff's injury." *T & M Solar & Air Conditioning, Inc. v. Lennox Int'l Inc.*, 83 F. Supp. 3d 855, 875 (N.D. Cal. 2015) (Corley, J.) (quoting *Minkler v. Apple, Inc.*, 65 F. Supp. 3d 810, 817 (N.D. Cal. 2014)). "To allege facts identifying the exact terms of the warranty, a plaintiff must provide 'specifics' about what the warranty statement was, and how and when it was breached." *Id.* Goshert must also allege that she notified Compana of the alleged breach to allow Compana "an opportunity to cure the defect outside of court." *Id.* (citing *Alvarez v. Chevron Corp.*, 656 F.3d 925, 932 (9th Cir. 2011); *see also* Cal. Com. Code § 2607(3)(A) (stating that a buyer "must, within a reasonable time after he or she discovers or should have discovered any breach, notify the seller of the breach or be barred from any remedy").

*First*, Goshert's breach of express warranty claim must be dismissed because Goshert has failed to allege that the Statements are false or misleading under Rule 8 and Rule 9(b). *See supra* at 5–9; *see, e.g.*, *Loh*, 2022 WL 2668380, at *5 (dismissing CLRA, UCL, FAL, breach of implied warranty, breach of express warranty, and unjust enrichment claims under Rule 9(b) together because they "all rely on the exact same set of facts and theory of liability or unified course of conduct"); *Arabian v. Organic Candy Factory*, 2018 WL 1406608, at *7–*8 (C.D. Cal. Mar. 19, 2018) (dismissing breach of express warranty for failure to plead with Rule 9(b)'s required particularity when claims arose from the defendant's product's alleged misrepresentation).

*Second*, Goshert fails to plausibly allege a breach of warranty that proximately caused her injury—"how and when" the express warranty was breached. *T & M Solar, Inc.*, 83 F. Supp. 3d at 875. A breach of express warranty claim will require proof that "the product did not perform as stated or promised." *Deitsch Plastics Co., Inc. v. Gredale LLC*, 2022 WL 1449126, at *4 (C.D. Cal. May 6, 2022). Yet

Goshert cannot plausibly allege that the Soft Chews did not perform as promised, admitting that she is "unable to determine" if the Soft Chews are "actually effective at helping her dog maintain and improve joint health." Am. Compl. ¶ 36; *see also supra* at 10–11 (citing cases requiring more than the conclusory allegation that a product does not work).

*Third*, if the court does not dismiss Goshert's breach of express warranty claim outright, it must be dismissed as to the statements "helps maintain healthy bone and joint function" and "cartilage and connective tissue" for lack of reliance and failure to provide pre-suit notice. Am. Compl. ¶¶ 86–88. Goshert does not allege that she relied on these statements before purchasing the Soft Chews. *Id.* ¶¶ 33–34; *see T & M Solar*, 83 F. Supp. 3d at 875. Nor did Goshert notify Compana that these statements underlie her breach of express warranty claim. *Compare* Am. Compl. ¶ 88, *with* Ex. 1 Att. E at 1; *T & M Solar*, 83 F. Supp. 3d at 875. For the same reason, the 5-in-1 Multivitamin Soft Chews for Dogs, which were unidentified in the Notice Letter, cannot underlie her breach of express warranty claim either. *See* Ex. 1 Att. E at 1 n.1.

## III. Goshert fails to state a claim for breach of implied warranty under the Song-Beverly Consumer Warranty Act and Cal. Comm. Code § 2314 (Count V).

Goshert's claim for breach of implied warranty under the Song-Beverly Consumer Warranty Act and Cal. Comm. Code § 2314 fail for similar reasons. Am. Compl. ¶¶ 90–102. "To state a viable claim under California's Song-Beverly Consumer Warranty Act, a plaintiff must plead sufficiently a breach of warranty under California law." *Baltazar v. Apple, Inc.*, 2011 WL 588209, at *3 (N.D. Cal. Feb. 10, 2011); *Birdsong v. Apple, Inc.*, 590 F.3d 955, 958 n.2 (9th Cir. 2009). Goshert premises her breach of implied warranty claim on Cal. Comm. Code § 2314, which provides that for goods to be merchantable they must "[p]ass without objection in the trade under the contract description" and be "fit for the ordinary purposes for which such goods are used." *See* Am. Compl. ¶ 96. The warranty of merchantability "provides for a minimum level of quality." *Birdsong*, 590 F.3d at 958 (citation omitted). "A plaintiff . . . must show that the product did not possess even the most basic degree of fitness for ordinary use." *Swearingen v. Amazon Pres. Partners, Inc.*, 2014 WL 3934000, at *1 (N.D. Cal. Aug. 11, 2014); *Rose v. HP Inc.*, 2020 WL 7714532, at *2 (N.D. Cal. Dec. 29, 2020) ("The warranty does not impose a general requirement that goods precisely fulfill the expectation of the buyer.") (cleaned up).

Goshert's breach of implied warranty claim must be dismissed because Goshert's allegations about the Statements fail Rule 8's plausibility standard and Rule 9(b)'s particularity requirement. *See supra* at 5–9; *see Taleshpour v. Apple Inc.*, 2021 WL 1197494, at *7 (N.D. Cal. Mar. 30, 2021) (applying Rule 9(b) to breach of implied warranty claim); *see, e.g.*, *Loh,* 2022 WL 2668380, at *5. Goshert also cannot state a breach of implied warranty claim because she cannot plausibly allege that the Soft Chews had no impact on her dog, admitting that she is "unable to determine" if the Soft Chews are "actually effective at helping her dog maintain and improve joint health." Am. Compl. ¶ 36; *see, e.g.*, *Minkler*, 65 F. Supp. 3d at 819 (rejecting breach of implied warranty claim where Plaintiff failed to allege that "Apple Maps failed to work at all or even that it failed to work a majority of the time").

Goshert's Song-Beverly Act claim also fails because the Soft Chews are exempted consumables. The Song-Beverly Act provides a right of action for buyers of "consumer goods" for implied warranty violations, which is defined as "any new product or part thereof that is used, bought, or leased for use primarily for personal, family, or household purposes, except for clothing and consumables." Cal. Civ. Code §§ 1791(a), 1794. "Consumables" are defined as "any product that is intended for consumption by individuals, or use by individuals for purposes of personal care or in the performance of services ordinarily rendered within the household, and that usually is consumed or expended in the course of consumption or use." *Id.* § 1791(d). Courts routinely dismiss Song-Beverly Act claims with prejudice when the product at issue is a "consumable" product.[9]

Here, the products at issue—dog supplements and multivitamins—are "consumables" under the Song-Beverly Act. *See, e.g.*, *Lytle*, 2019 WL 8060070, at *7 (dismissing Song-Beverly Act claim for dog glucosamine/chondroitin supplements). Pet supplements and vitamins are for "use by individuals . . . in the performance of services ordinarily rendered within the household"—feeding household pets—and

---

[9] *See, e.g.*, *Brazil v. Dole Food Co., Inc.*, 935 F. Supp. 2d 947, 965 (N.D. Cal. 2013) (dismissing Song-Beverly Act claim because food products "are excluded from the Act"); *Kane v. Chobani, Inc.*, 2013 WL 5289253, *11 (N.D. Cal. Sept. 19, 2013) (dismissing Song-Beverly Act claims relating to yogurts); *Smedt v. The Hain Celestial Grp., Inc.*, 2013 WL 4455495, *3 (N.D. Cal. Aug. 16, 2013) (same); *Bishop v. 7-Eleven, Inc.*, 2013 WL 4014174, *3 (N.D. Cal. Aug. 5, 2013) (same); *Samet v. Procter & Gamble Co.*, 2013 WL 3124647, *10 (N.D. Cal. June 18, 2013) (dismissing Song-Beverly Act claim because the products were "clearly products intended for consumption"); and *Maxwell v. Unilever U.S., Inc.*, 2013 WL 1435232, *4 (N.D. Cal. Apr. 9, 2013) (finding food and beverage products "fall under th[e] definition of 'consumables'").

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

are "usually . . . consumed or expended in the course of consumption or use." Cal. Civ. Code § 1791(a). The Doggie Dailies products are thus exempted consumables under the Song-Beverly Act.

## IV.   Goshert's fraud claim (Count VI) should be dismissed because Goshert fails to satisfy the heightened particularity required by Rule 9(b).

Goshert's claim for common law fraud clears neither Rule 8's nor Rule 9(b)'s bar. The elements of a cause of action for fraud in California are: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Kearns*, 567 F.3d at 1126. First, Goshert has not plausibly alleged a false statement by Compana, much less with sufficient particularity. *See supra* at 5–9. Nor has Goshert plausibly alleged injury.[10] *See supra* at 10–11 (citing *Perry*, *Eckler*, and *Toback*). These faults alone should result in Count VI's dismissal under Rule 8 or Rule 9(b)'s heightened particularity standard.

On top of these fatal deficiencies, Goshert also fails to adequately plead scienter or intent to defraud. *See Kearns*, 567 F.3d at 1126. Although Rule 9(b)'s heightened pleading requirement does not apply to allegations of knowledge or intent, "*Twombly* and *Iqbal*'s pleading standards must still be applied to test complaints that contain claims of fraud." *Eclectic Props. East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995 n.5 (9th Cir. 2014). This standard means that "[p]laintiffs must still plead **facts** establishing scienter with the plausibility standard required under Rule 8(a)." *DeLeon v. Wells Fargo Bank, N.A.*, 2011 WL 311376, at *8 (N.D. Cal. Jan. 28, 2011) (citing *Iqbal*, 556 U.S. at 686) (emphasis added); *see also Kumandan v. Google LLC*, 2022 WL 103551, at *11 (N.D. Cal. Jan. 11, 2022) ("Pleading scienter, including intent to defraud, requires more than conclusory allegations and bare assertions amounting to nothing more than a formulaic recitation of the elements.") (cleaned up).

Goshert alleges no facts establishing Compana's scienter or intent to defraud under Rule 8(a)'s plausibility standard. In support of scienter and intent, Goshert can only muster that Compana is "undoubtedly aware" of the studies cited in the Amended Complaint and "knows that the Supplements are ineffective." Am. Compl. ¶¶ 30, 106. Such "[c]onclusory allegations or formulaic recitation of the

---

[10] Goshert also fails to allege reliance for the statements "[h]elp[ing] maintain healthy bone and joint function" and "cartilage and connective tissue." *Compare* Am. Compl. ¶ 105, *with id.* ¶¶ 33–34.

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

elements," which "are not entitled to the presumption of truth," cannot support a fraud claim. *Strickland v. AT&T W. Disability Benefits Program*, 2017 WL 3670784, at *2 (N.D. Cal. Aug. 24, 2017); *see also Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) ("[U]nwarranted inferences are insufficient to defeat a motion to dismiss."); *see, e.g.*, *Elgindy v. AGA Serv. Co.*, 2021 WL 1176535, at *14 (N.D. Cal. Mar. 29, 2021) (dismissing fraud claim because "the complaint contain[ed] only conclusory allegations that Defendants knew or should have known"—without "any facts"—that consumers were being misled); *Starcity Cap., LLC v. Bio-Matrix Sci. Grp., Inc.*, 2014 WL 851067, at *4 (S.D. Cal. Mar. 3, 2014) (rejecting plaintiff's "conclusory allegations regarding Defendants' knowledge of the falsity of the alleged misrepresentation"); *DeLeon*, 2011 WL 311376, at *8 (dismissing fraud claim supported only by "conclusory allegations" about knowledge of falsity). Count VI must be dismissed.[11]

## V.    Count VII for unjust enrichment claim must be dismissed.

Goshert's unjust enrichment claim must be dismissed for two reasons. *First*, Goshert's unjust enrichment claim fails to plausibly state a claim under Rule 8 and Rule 9(b). *See supra* at 5–9; *see, e.g.*, *Loh*, 2022 WL 2668380, at *5; *Punian*, 2016 WL 1029607, at *18 (dismissing unjust enrichment claim "premised on the same factual allegations" as plaintiff's deficient CLRA, FAL, and UCL claims).

*Second*, like the equitable relief sought under the CLRA, FAL, and UCL, Goshert does not (and cannot) allege an inadequate remedy at law. *See supra* at 12–13; Am. Compl. ¶¶ 110–13; Prayer for Relief ¶ E. As an initial matter, "in California, there is not a standalone cause of action for unjust enrichment." *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (citation omitted). To be sure, *Astiana* also held that "[w]hen a plaintiff alleges unjust enrichment, a court *may* construe the cause of action as a quasi-contract claim seeking restitution." 783 F.3d at 762 (emphasis added). Yet even "a quasi-contract claim cannot survive a motion to dismiss unless the proponent adequately pleads that no legal remedy exists." *Barrett v. Apple Inc.*, 523 F. Supp. 3d 1132, 1157 (N.D. Cal. 2021). Goshert has an

---

[11] This analysis provides another reason for dismissing Goshert's claim under the UCL's fraudulent prong. *See Kowalsky v. Hewlett-Packard Co.*, 771 F. Supp. 2d 1156, 1159–60, 1161 (N.D. Cal. 2011) ("[C]ourts have been unwilling to impose liability under the fraudulent prong of the UCL when a defendant lacked knowledge of the facts that rendered its representations misleading at the time it made the representations.") (cleaned up). And for dismissing Goshert's claim under Section 1770(a)(9) of the CLRA. *See* Am. Compl. ¶ 59; *In re Sony PS3 Other OS Litig.*, 551 F. App'x 916, 921 (9th Cir. 2014) ("Section 1770(a)(9) is the only subsection that requires pleading fraud, since it specifically requires intent to defraud, which, in turn, implies knowledge of the falsity.") (citation omitted).

adequate remedy at law and does not plead otherwise, so her unjust enrichment claim must be dismissed. *See, e.g.*, *Zapata*, 2016 WL 4698942, at *7 (dismissing unjust enrichment claim when plaintiff had an adequate remedy at law); *Barrett*, 523 F. Supp. 3d at 1157 (dismissing unjust enrichment claim for failure to allege that there is no legal remedy); *Julian v. TTE Tech., Inc.*, 2020 WL 6743912, at *5 (N.D. Cal. Nov. 17, 2020) (same).

## VI.   Goshert's negligent misrepresentation claim (Count VIII) should be dismissed because Goshert fails to plead the facts necessary to support a claim for negligent misrepresentation.

Like Goshert's fraud claim, Goshert's negligent misrepresentation claim does not satisfy Rule 8's or Rule 9(b)'s pleading requirements. *See Galvez v. Wells Fargo Bank, N.A.*, No. 17-CV-06003-JSC, 2018 WL 2761917, at *9 (N.D. Cal. June 7, 2018) (Corley, J.) ("[A] claim of negligent misrepresentation must be pled in accordance with the particularity requirements of Rule 9(b)."); *Gilmore v. Wells Fargo Bank N.A.*, 75 F. Supp. 3d 1255, 1269 (N.D. Cal. 2014) ("The elements of negligent misrepresentation are similar to intentional fraud except for the requirement of scienter[.]").

To plead a negligent misrepresentation claim, a plaintiff must allege (1) a misrepresentation, (2) with absence of reasonable grounds for believing the alleged misrepresentation to be true, (3) with the intent to induce another's reliance on the misrepresentation, (4) actual and justifiable reliance, and (5) resulting damage. *Galvez*, 2018 WL 2761917, at *9; *see also Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1201 n.2 (9th Cir. 2001) (same); *but see* Am. Compl. ¶¶ 116–18 (pleading the wrong elements for negligent misrepresentation claim). The Amended Complaint does not state a claim.

First, Goshert cannot plausibly allege a misrepresentation by Compana, much less with sufficient particularity. *See supra* at 5–9; *Herrington v. Johnson & Johnson Consumer Companies, Inc.*, No. C 09-1597 CW, 2010 WL 3448531, at *11 (N.D. Cal. Sept. 1, 2010) (dismissing negligent misrepresentation claim for failure to "plead how the statements are false or misleading" with particularity). Second, Goshert has failed to plausibly allege injury. *See supra* at 10–11  (citing *Perry*, *Eckler*, and *Toback*). Third, Goshert fails to allege that Compana lacked reasonable grounds for believing the alleged misrepresentation to be true. The most Goshert alleges to support this element is that Compana is "undoubtedly aware" of the studies cited in the Amended Complaint and "knows that the Supplements are ineffective." Am. Compl. ¶¶ 30, 106. But those allegations are *ipse dixit* conclusions, not the "facts"

needed to support a negligent misrepresentation claim.[12] *See, e.g., Unico Am. Corp. v. Ins. Sys., Inc.*, 2016 WL 11506626, at *6 (C.D. Cal. May 2, 2016) (dismissing negligent misrepresentation claim because lack of key factual allegations prevented the court from "determining whether Defendant's knew their cost, timeline, functionality, and experience statements were unreasonable at the time they made them"); *see generally Miller*, 18 F.4th at 336 ("A claim has facial plausibility when the plaintiff pleads **factual content** that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (emphasis added). Count VIII must be dismissed.

## VII.   Goshert lacks standing to pursue injunctive relief and to assert claims for products that she did not purchase.

Goshert has failed to allege Article III standing to pursue injunctive relief and to represent purchasers of the 5-in-1 Multivitamin for Soft Chews Dogs and the Advanced 10-in-1 Senior Multivitamin, which she did not purchase. These claims should be dismissed under Rule 12(b)(1).

### A.   Goshert lacks standing to pursue injunctive relief because Goshert cannot show the threat of future injury.

Goshert lacks standing under Article III to seek injunctive relief under the CLRA, FAL, and UCL claims because Goshert fails to show "a sufficient likelihood that [s]he will again be wronged in a similar way[.]" *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983); *see* Am. Compl. ¶¶ 61, 69, 83; Prayer for Relief ¶ F. To establish Article III standing, Goshert must allege injury-in-fact, causation, and redressability. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). For injunctive relief, a prospective remedy, the threat of injury must be "actual and imminent, not conjectural or hypothetical." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). In other words, the "threatened injury must be certainly impending to constitute injury in fact" and "allegations of possible future injury are not sufficient." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (cleaned up).

In *Davidson*, the Ninth Circuit held that in some cases, "a previously deceived consumer *may*

---

[12] In fact, the Amazon webpage where Goshert purchased the Soft Chews provides Compana with reasonable grounds for believing the representation to be true. The Soft Chews averaged 4.5 out of 5 stars from the 23,737 product ratings. Ex. 1 ¶ 13; *see infra* at 23 n.14; *supra* at 2 n.2; *see also* Doc. 1 ¶ 3 n.4 (citing the Soft Chews' Amazon webpage link). Thousands of these customers also left glowing reviews about how well the product works. *Id.*

have standing to seek injunctive relief an injunction against false advertising or labeling." 889 F.3d at 969 (emphasis added). There, the plaintiff purchased the defendant's flushable wipes that were not in fact flushable. *Id.* at 961–62. *Davidson* ultimately held that the plaintiff had Article III standing to seek injunctive relief because the plaintiff had "no way of determining whether the representation 'flushable' [was] in fact true" without first purchasing the wipes, and therefore, a "threatened injury" was still "certainly impending." *Id.* at 972 (citation omitted). In other words, the plaintiff "face[d] the similar injury of being unable to rely on [defendant's] representations of its product in deciding whether or not she should purchase the product in the future." *Id.* at 971–72.

Yet not every plaintiff after *Davidson* has standing to bring a claim for injunctive relief. Take *Robles v. Gojo Indus., Inc.* where the plaintiff alleged that Purell Hand Sanitizer falsely claims that it kills more than 99.99% of germs. 2022 WL 2163846, at *1 (C.D. Cal. Mar. 16, 2022). The plaintiff alleged that this statement must be false because "alcohol-based hand sanitizer is not capable of killing a number of categories of germs" and "only 0.001% of germs in the universe have been discovered." *Id.*, at *5. Now that the plaintiff knew these facts, the court held that it would be unreasonable for the plaintiff to assume that the product "had been reformulated and improved to meet her expectation." *Id.* In other words, the plaintiff "now knows that her original belief in the meaning of the label is unfounded and she cannot be misled by a similar label in the future." *Id.*

Like *Robles*, the concern in *Davidson* is irrelevant here. Goshert premises her claim that the Statements are false on two studies involving a different glucosamine and chondroitin product that is not alleged to contain the same concentration, combination, amount per dose, or directed dosage as the Soft Chews. Based on this, Goshert broadly concludes that *all* "supplements with glucosamine and chondroitin are ineffective for joint health in dogs." Am. Compl. ¶ 106; *see also id.* ¶ 25. For this reason, Goshert cannot "face[] the similar injury of being unable to rely on [Doggie Dailies'] representations of its product in deciding whether or not she should purchase the product in the future." *Davidson*, 889 F.3d at 971–72. If the Soft Chews—or any other glucosamine and chondroitin supplement for that matter— still contain glucosamine and chondroitin, Goshert will now know that they are "ineffective for joint health in dogs." Am. Compl. ¶ 106; *see, e.g.*, *Cimoli v. Alacer Corp.*, 546 F. Supp. 3d 897, 907 (N.D. Cal. 2021) (distinguishing *Davidson* and finding plaintiff lacked standing because "[p]laintiff knows that

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

he can determine the Products' dosages by consulting the back labels"); *Shanks v. Jarrow Formulas, Inc.*, 2019 WL 7905745, at *5 (C.D. Cal. Dec. 27, 2019) (finding plaintiff lacked standing because "in the future [plaintiff can] simply look at the label on Defendant's coconut oil . . . and put it back"). Goshert's request for injunctive relief must be dismissed.

### B. Goshert lacks standing to assert claims for purchasers of the Multivitamins because they are not substantially similar to the Soft Chews.

Goshert also lacks standing to assert claims for purchasers of the 5-in-1 Multivitamin Soft Chews for Dogs and the Advanced 10-in-1 Senior Multivitamin ("Multivitamins"), which Goshert never purchased herself.[13] To begin with, Goshert lacks standing to represent purchasers of the Multivitamins because Goshert cannot state a claim for her Soft Chews' purchase. *See Hamm v. Mercedes-Benz USA, LLC*, 2022 WL 913192, at *4 (N.D. Cal. Mar. 29, 2022). Next, "[t]he majority of the courts that have carefully analyzed the question hold that a plaintiff may have standing to assert claims for unnamed class members based on products he or she did not purchase so long as the products and alleged misrepresentations are substantially similar." *Miller v. Ghirardelli Chocolate Co.*, 912 F. Supp. 2d 861, 869 (N.D. Cal. 2012). To determine substantial similarity, "[c]ourts look to a series of factors including whether the challenged products are of the same kind, comprised of largely the same ingredients, and whether each of the challenged products bears the same alleged mislabeling." *Figy v. Frito-Lay N. Am., Inc.*, 67 F. Supp. 3d 1075, 1083 (N.D. Cal. 2014). Neither of these three factors is present here.

Although Goshert collectively refers to the Doggie Dailies products as "Supplements," that is misleading. The Soft Chews and the Senior Essentials Advanced Hip & Joint Supplement for Senior Dogs are hip & joint supplements; the 5-in-1 Multivitamin and 10-in-1 Senior Multivitamin are, as the names imply, multivitamins—focusing on supporting dogs' overall health. The 5-in-1 Multivitamin contains "vitamins and minerals to complement [a] dog's normal diet" to "Provide[] Antioxidant Support + Nutritional Support for Joints, Skin & Coat, Digestion, and The Immune System."[14] Ex. 1 Att. I. The 10-

---

[13] Compana does not concede that Goshert has standing to bring claims for purchasers of the Senior Essentials Advanced Hip & Joint Supplement for Senior Dogs.

[14] A copy of the 5-in-1 Multivitamin's label is attached as Attachment I to Exhibit 1, a copy of the 10-in-1 Senior Multivitamin's label is attached as Attachment J, and a copy of the Soft Chews' label is attached as Attachment K. The Court may properly consider these Attachments under the incorporation by reference doctrine because the Amended Complaint relies on the specific webpages where these labels are

23

in-1 Senior Multivitamin is similarly "packed with a powerful blend of vitamins and minerals" to "Pro-vide[] Antioxidants, Joint Support & Nutritional Support for Skin & Coat, Digestion, Kidneys, Heart Function, Eye Function, Brain & The Immune System." *See id.* Att. J. And the Multivitamins' labels themselves each contain a single unrelated representation about joint support: "Nutritional Support for Joints" (5-in-1 Multivitamin) and "Joint Support" (10-in-1 Senior Multivitamin). *See* Am. Compl. ¶¶ 15, 21. To be sure, Goshert alleges that the 5-in-1 Multivitamin's "packaging follows a nearly identical format, using the same font and layout." Am. Compl. ¶ 16. But this fact does not confer substantial similarity as to the *product*. *See, e.g., Kane*, 2013 WL 5289253, at *11 (requiring plaintiffs to "allege facts sufficient to show that the *products* Plaintiffs did not purchase are 'substantially similar' to those that they did" on top of showing substantial similarity for the misrepresentations) (emphasis in origi-nal).[15]

The Multivitamins' active ingredients list, which Goshert omits from the Amended Complaint, also undermines substantial similarity. *See Smedt v. Hain Celestial Grp., Inc.*, 2014 WL 2466881, at *7 (N.D. Cal. May 30, 2014) (finding lack of information about "the products' respective ingredients" pre-vented the court from "determin[ing] from the pleadings whether the named products are, in fact, sub-stantially similar to the purchased products"); *Perez v. Bath & Body Works, LLC*, 2022 WL 2756670, at *7 (N.D. Cal. July 14, 2022) (requiring plaintiff to allege more information about the other products'

---

found. Am. Compl. ¶¶ 5–18, 21–22, 32–34; *see Knievel v. ESPN*, 393 F.3d 1068, 1076–77 (9th Cir. 2005) (considering webpage incorporated by reference where additional portions of the same webpage were relevant to and incorporated by the plaintiffs' allegations); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (considering information posted on certain "web pages that Plaintiffs referenced in the Complaint"); *Arroyo, v. AJU Hotel Silicon Valley LLC*, 2021 WL 2350813, at *2 (N.D. Cal. Mar. 16, 2021) (considering webpages under the incorporation by reference doctrine because they are "docu-ment[s] whose contents are alleged in the complaint and on which the complaint necessarily relies"); *see also* Doc. 1 ¶ 3 n.4, 4 n.5 (citing the Soft Chews' and the 5-in-1 Multivitamin's Amazon webpage links).

[15] And besides, this format is not unique to Doggie Dailies products containing glucosamine. Five other Doggie Dailies soft chew products use the same font, layout, and container for irrelevant products that support a dog's bladder, immune system, and skin and coat. *See* Soft Chews Product Page, DOGGIE DAILIES,  https://doggiedailies.com/collections/shop-by-type/chews#products (last visited October 3, 2022); *see generally Threshold Enterprises Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) ("In general, websites and their contents may be judicially noticed.") (citing cases); *see, e.g., Matthews v. Nat'l Football League Mgmt. Council*, 688 F.3d 1107, 1113 (9th Cir. 2012) (taking judicial notice of statistics found on NFL.com); *Produce Pay, Inc. v. Izguerra Produce, Inc.*, 39 F.4th 1158, 1176 (9th Cir. 2022).

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

ingredients to support substantial similarity). The 5-in-1 Multivitamin contains at least 31 active ingredients and the 10-in-1 Senior Multivitamin contains at least 30 active ingredients, while the Soft Chews contains only 8 active ingredients. *Compare* Ex. 1 Att. I, *and id.* Att. J, *with id.* Att. K; *see Dysthe v. Basic Rsch. LLC*, 2011 WL 5868307, at *4–*5 (C.D. Cal. June 13, 2011) (finding plaintiffs lacked standing for claims involving products with "significant differences" from the products they purchased, including that one product contained nineteen ingredients and the other contained ten). In fact, although Goshert alleges that all four Doggie Dailies products "contain[] the[] same key active ingredients"— "glucosamine hydrochloride and chondroitin sulfate"—that is not true. Am. Compl. ¶¶ 23–25. The 5-in-1 Multivitamin contains no chondroitin. Ex. 1 Att. F. When a plaintiff groups product together based on the same combination of ingredients, and one of those products lacks the same combination, courts have found no substantial similarity. *See, e.g.*, *Lytle*, 2019 WL 8060070, at *3 (dismissing claims against unpurchased products that did not have the glucosamine/chondroitin combination when claims were based on alleged ineffectiveness of those two key ingredients); *Yamasaki*, 2021 WL 4951435, at *3 (dismissing claims against unpurchased products that lacked zinc when allegations were based on zinc's ineffectiveness in cold remedy products). At bottom, Goshert cannot proceed on her claims for Multivitamins' purchasers. The Amended Complaint should be dismissed as to the 5-in-1 Multivitamin Soft Chews for Dogs and the Advanced 10-in-1 Senior Multivitamins.

## CONCLUSION

The Court should dismiss all counts of Goshert's First Amended Class Action Complaint without leave to amend and grant any other relief that the Court deems just and proper under the circumstances of this case.

1

2

Respectfully submitted,

3

/s/ *Jennifer Lee*

4

Jennifer Lee (State Bar No. 203774)
jennifer.lee@huschblackwell.com

5

HUSCH BLACKWELL LLP
1999 Harrison Street, Suite 700

6

Oakland, CA  94612
510.768.0650 Telephone

7

510.768.0651 Facsimile

8

Michael R. Annis (*Pro Hac Vice*)
mike.annis@huschblackwell.com

9

A. James Spung (*Pro Hac Vice*)
james.spung@huschblackwell.com

10

HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600

11

St. Louis, MO  63105
314.480.1500 Telephone

12

314.480.1505 Facsimile

13

Danny Solomon (*Pro Hac Vice*)
danny.solomon@huschblackwell.com

14

HUSCH BLACKWELL LLP
1801 Pennsylvania Avenue, NW, Suite 1000

15

Washington, DC 20006
202.378.2300 Telephone

16

202.378.2319 Facsimile

17

***Attorneys for Defendant,***

18

***Compana Pet Brands***

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

1

## <u>CERTIFICATE OF SERVICE</u>

2

3

The undersigned hereby certifies that a copy of the foregoing was served via the Court's electronic

notification system this 12th day of October, 2022 on all counsel of record.

4

*/s/ Jennifer Lee*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES